## MARX v. SMITH ET AL.

### [71 South. 563.]

1. ADVERSE POSSESSION. *Time. Character of possession. Sufficiency. Effect of suit. Appeal and error. Sake of review. Matters not necessary to decision.*

   Where a party enters into possession of land under a tax title and holds the land openly notoriously and adversely for ten years, he acquires title to the land by adverse possession.

2. ADVERSE POSSESSION. *Sufficiency. Effect of suit.*

   Where, in such case the party having possession, filed a bill to confirm his tax title before his ten years of adverse possession had expired, but the defendant did not file his cross-bill until after such ten years had expired, such cross-bill did not relate back to the time when plaintiff filed his original bill.

3. APPEAL AND ERROR. *Scope of review. Matters not necessary to decision.*

   When determination of a single issue on appeal necessitates a reversal of the case, other questions presented by the record need not be determined.

APPEAL from the chancery court of Calhoun county. HON. J. G. McGOWAN, Chancellor.

Suit by J. S. Marx against T. B. Smith and others, plaintiff obtained a decree by confession. Thereafter Smith filed a bill, and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Frierson & Hale*, for appellant.

*Haman & Bates*, for appellees.

HOLDEN, J., delivered the opinion of the court.

The appellant filed his bill in the chancery court of Calhoun county against the appellees, in September, 1909, seeking to confirm his tax title to the land involved in this case, and obtained a decree by confession. Sub-

sequently, within two years from the date of filing the bill, the appellees, in July, 1911, filed an answer and cross-bill praying for the cancellation of appellant's tax title and confirming the title of the land in appellees and decreeing possession thereof.

The appellant dismissed his original bill, and the cause was heard on the cross-bill of appellees and the answer of appellant, cross-defendant in the court below, and a decree granting the relief prayed for in the cross-bill was granted, and the cross-defendant appeals here.

The appellant contends that this cause should be reversed for three reasons: First, that the proof shows conclusively that the appellant had title by adverse possession of the land from 1900 to July, 1911, more than ten years; second, that appellant's tax title to the land was good and valid; third, that appellant by actual occupation of the land for three years under a tax title (section 3095, Code 1906) acquired a good and valid title to the land.

The evidence in the court below shows conclusively that the appellant entered and occupied the land under color of a tax title before the year 1900 and held it openly, notoriously, and adversely until July, 1911, when the appellees filed their cross-bill against the appellant, contesting the title and possession of the land. We do not understand by what rule or reasoning the chancellor reached the conclusion that the appellant had not acquired a good and perfect title to the land by adverse possession. It appears from the record that the adverse possession of the land by the appellant extended without a break from 1900 to July, 1911; and the fact that the appellee at that time, July, 1911, filed a cross-bill contesting the title to this land could not make this action, by cross-bill, relate to and revert back to the time, September, 1909, when the appellant filed the said original bill. The statute of ten years' adverse possession ran in favor of the appellant from 1900 until it was stopped by the filing of the cross-bill in July,

1911, and, it having run more than ten years, the appellant acquired a good title to the land by adverse possession.  As this conclusion ends the case in favor of appellant, it is unnecessary for us to pass on the other two questions presented in this record.

The decree of the lower court is reversed, and decree entered here dismissing the cross-bill of appellees.

*Reversed.*